UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Merlin Ruedger,<br><br>    Plaintiff,<br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>    Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

# JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq*. ("MCPA"), and the Michigan Occupational Code, M.C.L. §339.901 *et seq*. ("MOC") by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Merlin Ruedger is a natural person who resides in the County of Ionia, State of Michigan, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Plaintiff is a "person" as the term is defined by M.C.L. § 445.251(f) and a "consumer" as defined by M.C.L. § 339.901(f).

6. Defendant Portfolio Recovery Associates, LLC is a Delaware limited liability company, with its principal place of business located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502, having its registered agent at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "collection agency" as that term is defined by M.C.L. §§ 445.251(b) and 339.901(b).

9. Defendant is not licensed by the State of Michigan to collect consumer debt in Michigan.

10. Defendant and its employees are "regulated persons" as that term is defined by M.C.L. § 445.251(g).

## FACTUAL ALLEGATIONS

11. Several years ago, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by the FDCPA, MOC, and MCPA, namely through an installment agreement with HSBC Card Services and/or Discover.

12. Plaintiff defaulted on his obligation with the original creditor.

13. After the Plaintiff defaulted on his obligation, the account was transferred, placed, moved, sold, or otherwise assigned to Defendant for collection.

14. Upon information and belief, the statute of limitations has passed for Defendant to pursue legal action on this account.

15. Upon information and belief, Defendant purchased the debt and paid less than 5% of the balance it claims the Plaintiff owes.

16. Sometime prior to April of 2015, Defendant began its attempts to collect from Plaintiff the alleged financial obligation.

17. Defendant mailed a statement to Plaintiff on or about April 29, 2015, seeking to collect its debt from Plaintiff, attached as Exhibit 1.

18. Defendant's letter, attached as Exhibit 1, is an attempt to collect a debt from Plaintiff.

19. Plaintiff informed Defendant, in writing, that he was represented by legal counsel on or about May 30, 2015.

20. Plaintiff, in writing, revoked any consent to be contacted by Defendant through both mail and phone communications on or about May 30, 2015.

21. Defendant received plaintiff's letter on May 30, 2015.

22. Defendant directly contacted Mr. Ruedger on or about July 28, 2015, via letter, attached as Exhibit 2.

23. Defendant's letter, dated July 28, 2015 was an attempt to collect a debt from the Plaintiff.

24. As a direct, actual, and proximate result of the acts and omissions of Defendant, Plaintiff has suffered actual damages in the form of confusion, frustration, and upset, amongst other negative emotions.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*., with respect to Plaintiff.

28. Defendant violated 15 U.S.C. § 1692b(6) by sending the letter dated July 28, 2015, to Plaintiff.

29. Defendant violated 15 U.S.C. § 1692b(6) each time it communicated with Plaintiff after May 30, 2015, when Defendant received notice that Plaintiff had legal counsel.

30. Defendant violated 15 U.S.C. § 1692c(a)(2) each time it communicated with Plaintiff after May 30, 2015, when Defendant received notice that Plaintiff had legal counsel.

31. Defendant violated 15 U.S.C. § 1692c(a)(2) by sending the letter dated July 28, 2015, to Plaintiff.

32. Defendant violated 15 U.S.C. § 1692c(c) each time it communicated with Plaintiff after it received notice written request to cease communication or about May 30, 2015

33. Defendant violated 15 U.S.C. § 1692d each time it communicated with Plaintiff after it received notice of attorney representation on or about May 30, 2015, as the natural consequence of each communication from Defendant was to harass, oppress, or abuse the Plaintiff.

34. Defendant violated 15 U.S.C. § 1692d each time it communicated with Plaintiff after it received notice written request to cease contact on or about May 30, 2015, as the natural consequence of each communication from Defendant was to harass, oppress, or abuse the Plaintiff.

35. Defendant violated 15 U.S.C. § 1692d each time it violated the MOC, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

36. Defendant violated 15 U.S.C. § 1692d each time it violated the MCPA, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

37. The Plaintiff was misled by Defendant's offer to settle a debt that was past the statute of limitations because *any* payment on the debt would reactivate the statute of limitations – a violation of 15 U.S.C. § 1692e.

38. The least sophisticated consumer would be misled by Defendant's offer to settle a debt that is past the statute of limitations because any payment on the debt would reactivate the statute of limitations – a violation of 15 U.S.C. § 1692e.

39. Defendant violated 15 U.S.C. § 1692e by making a false, deceptive, or misleading statement in connection with the attempt to collect the debt when it offered to settle a debt that was past the statute of limitations without informing the Plaintiff of the complete legal defense of the debt being past the statute of limitations existed.

40. Defendant violated 15 U.S.C. § § 1692e(2)(A) by misrepresenting the character, amount, or legal status of the debt, when it attempted to collect on a debt that had already been satisfied.

41. Defendant's conduct violated 15 U.S.C. § 1692f because it engaged in unfair or unconscionable means to attempt to collect a debt – its offer to settle the time-barred debt without disclosing that any repayment would renew the statute of limitations.

42. Defendant's conduct violated 15 U.S.C. § 1692f because it engaged in unfair or unconscionable means to attempt to collect a debt – its offer to settle the time-barred debt without disclosing that because the debt was past the statute of limitations, which would provide for a complete legal defense of any judicial action.

43. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT II.
### VIOLATIONS OF THE
### MICHIGAN COLLECTION PRACTICES ACT
### M.C.L § 445.251 *et seq.*

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MCPA including, but not limited to, each and every one of the above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq*.

46. Defendant's letter, dated July 28, 2015, violated M.C.L. § 445.252(a).

47. Defendant violated M.C.L. § 445.251(h) each time it communicated with the Plaintiff after May 30, 2015, when Defendant was informed that Plaintiff was actively represented by an attorney.

48. Defendant's letter, dated July 28, 2015, violated M.C.L. § 445.252 (h).

49. Defendant violated M.C.L. § 445.252(n) by attempting to collect the debt with the Plaintiff after it knew her was represented by an attorney - a harassing, oppressive, or abusive method to collect a debt.

50. Defendant's letter, dated July 28, 2015, violated M.C.L. § 445.252 (n).

51. Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

52. As a result of Defendant's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant herein.

**COUNT III.**
**VIOLATIONS OF THE**
**MICHIGAN OCCUPATIONAL CODE**
**M.C.L. § 339.901** *et seq.*

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MOC including, but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq.*, with respect to Plaintiff.

55. Defendant's letter, dated July 28, 2015, violated M.C.L. § 339.915(a).

56. Defendant violated M.C.L. § 339.915(h) each time it communicated with the Plaintiff after May 30, 2015, when Defendant was informed that Plaintiff was actively represented by an attorney.

57. Defendant's letter, dated July 28, 2015, violated M.C.L. § 339.915(h).

58. Defendant violated M.C.L. § 339.915(n) by attempting to collect a debt from the Plaintiff after it knew he was represented by an attorney - a harassing, oppressive, or abusive method to collect a debt.

59. Defendant's letter, dated July 28, 2015, violated M.C.L. § 339.915(n).

60. Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent each of the above-listed MOC violations by Defendant's employees.

61. As a result of Defendant's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff.

### COUNT II.
### VIOLATIONS OF THE
### MICHIGAN COLLECTION PRACTICES ACT
### M.C.L. § 445.251 *et seq.*

- for damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff.

### COUNT III.
### VIOLATIONS OF THE
### MICHIGAN OCCUPATIONAL CODE
### M.C.L. § 339.901 *et seq.*

- for damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: August 28, 2015

 /s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com